NO. 29746

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVID MAXWELL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P10808566)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant David Maxwell (Maxwell) appeals from the Notice of Entry of Judgment and/or Order (Judgment) filed on March 4, 2009 in the District Court of the First Circuit, Honolulu Division (district court).[1]

Maxwell was convicted of Attempted Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes (HRS) § 708-823 (Supp. 2009). The Judgment reflects a violation of HRS § 708-823, but the court's oral explanation of its ruling at the close of trial clarifies that the court found Maxwell guilty of attempt to commit the crime, as defined in HRS § 705-500 (1993). The court further explained that "attempted criminal property [damage] in the fourth degree is an included offense of criminal property [damage] in the fourth degree."

On appeal, Maxwell contends that there was insufficient evidence to convict him of Attempted Criminal Property Damage in the Fourth Degree. Plaintiff-Appellee State of Hawai'i contends there was substantial evidence to convict Maxwell of Attempted

---

[1] The Honorable Russel Nagata presided.

Criminal Property Damage in the Fourth Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Maxwell's point of error as follows:

The complaining witness stated that Maxwell jumped onto the hood of the car she was driving and began pulling at the windshield wiper with all of his might. She believed that Maxwell was going to break it off and use it to damage the windshield. The district court did not believe that Maxwell was holding on to the windshield wiper because the vehicle was moving forward while he was on the hood. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." *State v. Mattiello*, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks and brackets omitted).

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient[.]" *State v. Stocker*, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (internal quotation marks, brackets, and ellipses omitted). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *Id.* The district court concluded that Maxwell deliberately attempted to damage the windshield wipers when he jumped onto the hood of the

2

car and pulled at them with all of his might. The owner of the vehicle testified that he did not give permission to Maxwell to damage the vehicle. The windshield wipers were not damaged, therefore, Maxwell may not be convicted of Criminal Property Damage in the Fourth Degree. However, Maxwell's actions constituted intentional conduct which constitute a substantial step in a course of conduct intended to culminate in the damage of the windshield wipers.

Therefore,

IT IS HEREBY ORDERED that Maxwell's conviction for Attempted Criminal Property Damage in the Fourth Degree and the March 4, 2009 Judgment are affirmed.

DATED: Honolulu, Hawai'i, June 29, 2010.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge